

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 13, 2020

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Carlos Alberto Ramirez*,
             20 Cr. 29 (**JPO**)

Dear Judge Oetken:

      The Government respectfully submits this letter in advance of defendant Carlos Alberto Ramirez's sentencing. For the reasons set forth below, the Government submits that a substantial sentence below the applicable Guidelines Range of 108 to 135 months' imprisonment would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.[1]

**A. Background**

      On December 13, 2019, law enforcement conducting a narcotics investigation were tracking a tractor trailer (the "Truck") as it made its way from the West Coast to the New York City area. (Presentence Report dated September 2, 2020 ("PSR") ¶ 9.) The law enforcement officers had previously been alerted to the Vehicle and it was not its first trip to the East Coast transporting narcotics. Both the defendant and his co-defendant Mario Alberto Ramos were driving the Truck cross-country.

      By approximately noon on December 15, 2019, the Truck arrived at a parking lot in New Jersey. (*Id.*) Several hours later an SUV transporting co-defendant Jose Luis Disla Melo arrived. The defendant exited the Truck, carrying a red back. He then walked to meet with Disla Melo and returned to the Truck empty-handed. (*Id.*) Law enforcement pursued Disla Melo, stopped him, and recovered approximately nine kilograms of fentanyl. (*Id.* ¶ 10.) The defendant then left the parking lot.

---

[1] The Government believes that the defendant qualifies for safety-valve relief from the otherwise applicable ten-year mandatory minimum sentence. *See* 18 U.S.C. § 3553(f).

Later that day, a vehicle driven by co-defendant Lorenzo Maciel Solorio arrived at the parking lot, and co-defendant Ramos exited the Truck carrying a grey bag. Ramos and Solorio were arrested as Ramos exited the vehicle carrying a bag of cash. Approximately one kilogram of fentanyl pills was recovered from Solorio's vehicle. (*Id.* ¶ 11.)

Following his arrest, Ramos was advised of his *Miranda* rights, waived those rights, and led law enforcement to an additional approximately twenty kilograms of a mixture of fentanyl and heroin, as well as approximately $100,000 in cash. (*Id.* ¶ 12.) The defendant was arrested when he returned to the New Jersey lot later in the day of December 15.

According to the defendant's representations, which the Government credits, co-defendant Ramos was primarily responsible for introducing the defendant to the prospect of transporting narcotics and cash cross-country. (*See* Dkt. No. 33 ("Def. Subm'n") at 1.) Ramos also served as the intermediary to more senior drug traffickers.

The defendant was presented on a criminal complaint the day after his arrest, December 16, 2019. He has been detained since that date. On January 13, 2020, a grand jury returned Indictment 20 Cr. 29, charging the defendant with conspiring to commit narcotics trafficking. (Dkt. No. 12.) On June 11, 2020, the defendant pled guilty before the Court, remotely pursuant to the CARES Act and pursuant to a plea agreement with the Government.

**B. Discussion**

    **1. Applicable Law**

As the Court is aware, the Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

  (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B)  to afford adequate deterrence to criminal conduct;
  (C)  to protect the public from further crimes of the defendant; and
  (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2. A Substantial, But Below Guidelines, Sentence Is Reasonable in This Case

The Government respectfully submits that the defendant's conduct warrants a substantial incarceratory sentence; however, the Government does believe that a sentence below the applicable Guidelines Range of 108 to 135 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

The Section 3553(a) factors most applicable in this case include the nature and seriousness of the offense, the need to provide just punishment for the offense, the need to promote respect for the law, and the need to afford adequate deterrence to criminal conduct.

The offense conduct involved the defendant's knowing involvement in high-volume narcotics trafficking. At the time of the defendant's arrest, he had transported more than twenty kilograms of deadly opioids—fentanyl and heroin—as well as $100,000 in narcotics proceeds. As the Court is well aware, fentanyl and heroin are both highly addictive and deadly substances that have been integral to the nation's ongoing opioid epidemic.

The defendant argues that he did not know the exact substance he was transporting, and the Government has no reason to dispute that characterization and does believe that fact can be considered by the Court in imposing sentence. However, the defendant's ignorance only gets him so far. There is no question that Ramirez was aware that he was transporting and helping to distribute illegal narcotics, in exchange for very large quantities of money. He understood, at least vaguely, that Ramos had connections to significant narcotics operations. And he willingly allowed himself and his business to take part in this serious criminal activity. And the defendant himself delivered a bag of approximately nine kilograms of fentanyl to defendant Disla Melo.

By the defendant's own admission, this was not a one-time event. Rather, the defendant took part in multiple cross-country trips transporting narcotics and narcotics proceeds. This crime is accordingly extremely serious, and a substantial term of imprisonment is appropriate to deter this defendant and others who are similarly situated from engaging in this type of criminal conduct, and to protect the community from the harms caused by narcotics trafficking.

Defense counsel characterizes the defendant's role in the offense as "minor." (Def. Subm'n 4.) The Government respectfully disagrees. While there are valid considerations drawn from the defendant's past and involvement in the offense that would warrant a below-Guidelines sentence, Ramirez did not occupy a minor role in this scheme. He willingly took part, over a significant stretch of time, in a conspiracy to transport massive quantities of valuable narcotics and drug

proceeds cross-country. He harnessed his own company and his own labor to this end. While he may be less culpable than Ramos, his involvement in the offense was not minor.

However, while the defendant's conduct is very serious, as set forth in the recommendation of the Probation Department and the defendant's submission, there are mitigating factors worthy of the Court's consideration and that help inform the Government's view that a below Guidelines Sentence would be appropriate here.

**C. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a substantial sentence on the defendant that is below the Guidelines Range of 108 to 135 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: *Daniel Nessim*
Daniel G. Nessim
Assistant United States Attorneys
(212) 637-2486